IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAR 01 2013
PER _____
DEPUTY CLERK

PETER EQUERE,
    Petitioner,

v.

ERIC HOLDER, et al.,
    Respondents

CIVIL NO. 12-CV-2263

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

On November 13, 2012, Petitioner, Peter Equere, a citizen of Nigeria, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Custody Enforcement ("ICE") for more than six (6) months and asking for immediate release from confinement. (Doc. 1), citing Zadvydas v. Davis, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). Petitioner also seeks an award of fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 1); See 5 U.S.C. § 504; 28 U.S.C. § 2412. A response to the petition was filed on December 5, 2012, followed by Petitioner's traverse on December 14, 2012. (Docs. 5-6). On January 23, 2013, Respondents filed a suggestion of mootness stating that Petitioner was released from ICE custody on January 8, 2013. (Doc. 7). Respondents assert that the habeas corpus petition is therefore moot. (Id.), citing Rose v. Hodges, 423 U.S. 19, 21 (1975); DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the

course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot"). On January 25, 2013, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") concluding that the habeas corpus petition should be dismissed as moot. (Doc. 8). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

In the R&R, Magistrate Judge Blewitt explains that because a petitioner's release, alone,

does not render his habeas corpus petition moot, the court must determine whether it still presents a case or controversy under Article III, Section 2, of the Constitution. (Doc. 8, p. 4) (citing Spencer v. Kemna, 523 U.S. 1 (1998)). The Magistrate Judge finds that "Petitioner sought habeas relief only seeking release from ICE's custody and he claimed that ICE violated his due process rights by subjecting him to indefinite detention in violation of Zadvydas." (Id.). Magistrate Judge Blewitt concludes that because Petitioner has been released, the Court cannot grant the relief he requests. (Id. at pp. 4-5), citing Fofana v. Dist. Dir. for Ice, 2009 U.S. Dist. LEXIS 102418 (M.D. Pa. 2009) (Blewitt, M.J.) (recommending that the habeas corpus petition be dismissed as moot because the petitioner was released from immigration custody), adopted by, 2009 U.S. Dist. LEXIS 102423 (M.D. Pa. 2009) (McClure, J.); Nkemakolam v. Decker, 2005 U.S. Dist. LEXIS 27513, *4 (M.D. Pa. 2005) (Conaboy, J.) ("Parties must continue to have a 'personal stake in the outcome' of the lawsuit."). Further, there are no collateral consequences from Petitioner's prior detention so he no longer has a live case or controversy before the Court. (Id. at p. 6). See also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) ("Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies...."). The Magistrate Judge recommends that the habeas corpus petition be dismissed as moot. (Id.).

In the absence of objections, this Court has reviewed the R&R for plain error and finds none. This Court agrees with Magistrate Judge Blewitt's findings and conclusions and will adopt the R&R. Therefore, the habeas corpus petition will be dismissed as moot.

Additionally, this Court will deny Petitioner's request for fees and costs under the EAJA because such an award is inappropriate to a pro se litigant. See Koljenovic v. Decker, 2006 U.S.

Dist. LEXIS 78755, *11 n.4 (M.D. Pa. 2006) (Munley, J.) (denying the petitioner's motion for an award of attorney's fees under the EAJA because he was proceeding pro se), citing Zucker v. Westinghouse Elec., 374 F.3d 221, 228 (3d Cir. Pa. 2004) (stating that "the courts of appeals have denied attorney's fees to pro se attorneys under a variety of fee-shifting statutes, including the Equal Access to Justice Act (EAJA)").

A separate Order will be issued.

Date: March 1, 2013

United States District Judge